1  Joseph P. Russionello
United States Attorney
2  450 Golden Gate Ave (11th Floor)
San Francisco, CA 94102
3  Telephone: (415) 436-7200

4  Attorneys for the United States

**FILED**

AUG 27 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,           )   CRIMINAL NO. 08-mj-70563 PVT
                                    )
          Plaintiff,                )
                                    )   NOTICE OF PROCEEDINGS ON
     v.                             )   OUT-OF-DISTRICT CRIMINAL
                                    )   CHARGES PURSUANT TO RULES
Ronald Joseph Tumminelli            )   5(c)(2) AND (3) OF THE FEDERAL RULES
                                    )   OF CRIMINAL PROCEDURE
          Defendant.                )
                                    )

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on  8/27/08 , the above-named defendant was arrested based upon an arrest warrant (copy attached) issued upon an ~~Warrant~~

☐ Indictment   ☐ Information   ☐ Criminal Complaint   ☒ Other Probation Form 12

pending in the _____ District of  Hawaii , Case Number CR 95-01185 ACK

In that case, the defendant is charged with a violation(s) of Title(s) ___ United States Code, Section(s) ___.

Description of Charges: Violation of Supervised Release

Respectfully Submitted,
Joseph P. Russionello
UNITED STATES ATTORNEY

Date: 8/24/08

Assistant U.S. Attorney

1

**ORIGINAL**

AO 442 (Rev. 10/03) Warrant for Arrest

# UNITED STATES DISTRICT COURT
## District of Hawaii

| UNITED STATES OF AMERICA | WARRANT FOR ARREST |
|---|---|
| V. | Case Number: CR 95-01185 ACK 01 |

RONALD JOSEPH TUMMINELLI aka Mark Hathaway

(Name and Address of Defendant)

To: The United States Marshal and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED TO ARREST RONALD JOSEPH TUMMINELLI aka Mark Hathaway** and bring him or her forthwith to the nearest district/ magistrate judge to answer a Probation/Supervised Release Violation Petition, charging him or her with (brief description of offense)

Order to Show Cause Why Supervision Should Not Be Revoked

in violation of Title United States Code, Section(s).

| Sue Beitia | Clerk U.S. District Court |
|---|---|
| Name and Title of Issuing Officer | Title of Issuing Officer |
| [signature] | July 29, 2005 at Honolulu, Hawaii |
| Signature of Issuing Officer/Deputy Clerk | Date and Location |

Bail Fixed at NO BAIL    By: Alan C. Kay, Senior United States District Judge

---

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at _____

| Date Received | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| Date of Arrest | | |

·Prob 12C
(Rev. 3/05 D/HI)

# United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 2 9 2005

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

U.S.A. vs. <u>RONALD JOSEPH TUMMINELLI, aka "Mark Hathaway"</u> Docket No. <u>CR 95-01185ACK-01</u>

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

COMES NOW FITUINA F. TUA, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of RONALD JOSEPH TUMMINELLI, aka "Mark Hathaway," who was placed on supervision by the Honorable Alan C. Kay sitting in the Court at Honolulu, Hawaii, on the 27th day of May 1997, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. That the defendant failed to notify the Probation Office 10 days prior to change in residence in or about July 2005, in violation of Standard Condition No. 6.

2. That on 7/5/05 and 7/11/05, the defendant failed to report to the Probation Office, in violation of Standard Condition No. 2.

3. That on 7/11/05 and 7/20/05, the defendant refused to comply with drug testing at the Drug Addiction Services of Hawaii, Inc., in violation of Special Condition No. 1.

4. That the defendant failed to submit monthly supervision reports to the Probation Office for the months of May and June 2005, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

2

Prob 12C
(Rev. 3/86 D/HI)

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] No Action

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   7/26/05

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the Issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 26th day of July, 2005, and ordered filed and made a part of the records in the above case.

ALAN C. KAY
Senior U.S. District Judge

Re:  **TUMMINELLI, Ronald Joseph, aka "Mark Hathaway"**
**Criminal No. CR 95-01185ACK-01**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

Mr. Tumminelli pled guilty to Conspiracy to Possess With Intent to Distribute and to Distribute in Excess of 100 Grams of Crystal Methamphetamine, a Class A felony, and Criminal Forfeiture. On 5/27/97, he was sentenced to 126 months imprisonment followed by 5 years supervised release with the special condition for substance abuse treatment and drug testing.

On 2/23/05, Mr. Tumminelli began supervised release and was referred to Hina Mauka for substance abuse treatment and drug testing. Later on 4/19/05, Mr. Tumminelli's treatment and drug testing was transferred to the Drug Addiction Services of Hawaii, Inc. (DASH). During the short period on supervision, Mr. Tumminelli's supervision adjustment was poor. He refused to submit for drug testing, failed to notify the Probation Office of change in residence, failed to report to the Probation Office, and failed to submit monthly supervision reports. We have had no contact with Mr. Tumminelli since 6/28/05. At this time, it appears that Mr. Tumminelli absconded from supervision and his whereabouts are unknown. The violations are as follows:

**Violation No. 1 - Failure to Notify the Probation Office 10 Days Prior to Change in Residence in or About July 2005; Violation No. 2 - Failure to Report on 7/5/05 and 7/11/05:** On 6/28/05, during a telephone conversation with Mr. Tumminelli, this officer instructed him to report to the Probation Office on 7/5/05. He acknowledged the instruction. However, he failed to report on 7/5/05. On 7/8/05, a home contact was made but Mr. Tumminelli was not home. We left a business card on his door with a written instruction for him to report to the Probation Office on 7/11/05. On 7/11/05, Mr. Tumminelli failed to report to the Probation Office. We also made attempts to contact him telephonically but we were unsuccessful as Mr. Tumminelli's telephone was disconnected. We contacted his mother on the mainland and she claimed that she had no contact with her son for a period of about 1 month. She claimed that ever since she stopped paying his rent in June 2005, she had not heard from him and she did not know of his whereabouts.

On 7/12/05, we made a home contact and interviewed Mr. Tumminelli's roommate, George Alexander, who reported that on 7/8/05, he found this officer's business card with the written instruction and gave the card to Mr. Tumminelli. According to Mr. Alexander, Mr. Tumminelli read the card with the written instruction and was aware of the appointment with this officer on 7/11/05. Mr. Alexander further stated that on 7/9/05, he reminded Mr. Tumminelli of his appointment with this officer on 7/11/05. Mr. Alexander reported that Mr. Tumminelli had not returned to the residence since 7/9/05 and that he did not know of his whereabouts.

On 7/11/05, we received information from a confidential source indicating that Mr. Tumminelli had absconded from supervision and was traveling to Puerto Rico. On 7/18/05, we also received information from law enforcement officials that Mr. Tumminelli

Re: TUMMINELLI, Ronald Joseph, aka "Mark Hathaway"
Criminal No. CR 95-01185ACK-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 2

was identified as a suspect in a drug investigation and may have absconded from supervision and traveled to San Diego, California.

**Violation No. 3 - Refused to Comply With Drug Testing on 7/11/05 and 7/20/05:** On 7/11/05 and 7/20/05, Mr. Tumminelli failed to submit to drug testing at DASH. Our last contact with Mr. Tumminelli was on 6/28/05. Since then, we have been unsuccessful in locating Mr. Tumminelli. Mr. Tumminelli has not made contact with our office and his whereabouts are unknown. As a result, Mr. Tumminelli was not questioned about these missed drug tests. Because Mr. Tumminelli had previously complied with the drug testing requirements, coupled with his unknown whereabouts and unavailability for supervision, he is charged with refusing to comply with drug testing.

**Violation No. 4 - That the Defendant Failed to Submit Monthly Supervision Reports to the Probation Office for the Months of May and June 2005:** The report is due within the first 5 days of each month. Mr. Tumminelli failed to submit monthly supervision reports for May and June 2005.

It is recommended that the Court issue a No Bail warrant for Mr. Tumminelli's appearance before the Court to show cause why supervised release should not be revoked because his whereabouts are unknown and he is unavailable for supervision.

Respectfully submitted by,

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

FFT/pts

Re:  TUMMINELLI, Ronald Joseph, aka "Mark Hathaway"
     Criminal No. CR 95-01185ACK-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 3

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

## Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To: Ronald Joseph Tumminelli  Docket No. CR 95-01135ACK-01
Address: 445 Seaside Avenue #2805
Honolulu, Hawaii 96815

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Alan C. Kay, Senior U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of FIVE (5) YEARS commencing upon release from confinement (2/23/05).

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

(1) *That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____      2/25/05
RONALD JOSEPH TUMMINELLI              Date
Defendant

_____      2/25/05
FITUINA F. TUA              Date
Senior U.S. Probation Officer